826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Muhammed USMAN, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE; James H. Montgomery,
District Director; and Sheriff Allen Davis of
Ingham County Jail, Defendants-Appellees.
 No. 86-1504
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1987.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Muhammed Usman, appeals the dismissal of his petition for a writ of habeas corpus based on lack of jurisdiction. For the reasons that follow, we affirm.
 
 
 2
 Petitioner is a native and citizen of Pakistan. He entered the United States in 1965 on a student visa, and in 1973 married an American citizen. Through this marriage, petitioner qualified for permanent resident status. In 1977, petitioner's wife sued for and obtained a divorce. On August 29, 1979, after a 1975-1976 INS investigation into the bona fides of the marriage, a show cause order issued which alleged that petitioner procured his status adjustment through a 'sham' marriage, a deportable offense under sections 241(a)(1) and 212(a)(19) of the Immigration and Naturalization Act, 8 U.S.C. Secs. 1251(a)(1) and 1182(a)(19) (procurement of documentation or entry by fraud or by willful misrepresentation of a material fact). After a hearing, the immigration judge found, on October 18, 1982, that the ex-wife's testimony to the effect that the marriage was a 'sham' was credible and that petitioner was deportable as charged. The immigration judge denied discretionary relief from deportation, but granted 60 days voluntary departure.
 
 
 3
 On September 21, 1983, the Board of Immigration Appeals (BIA) affirmed the immigration judge's decision and dismissed petitioner's appeal. The BIA discussed in detail the evidence presented in adopting the immigration judge's credibility determinations. Petitioner was granted 30 days voluntary departure. He did not leave the United States, however, and did not appeal the final order of deportation to this court within six months, as required under 8 U.S.C. Sec. 1105a(a)(1).
 
 
 4
 In 1984, petitioner was convicted of a state criminal charge and incarcerated in the Ingham County Jail in Michigan. As a result, petitioner again came to the attention of the INS, which agency issued a Hold Order to the County Sheriff in order to enforce the final and outstanding deportation order. On the same date, August 13, 1985, petitioner filed a complaint with the United States District Court seeking a temporary restraining order preventing his imminent deportation to Pakistan, requesting a declaratory judgment restoring permanent resident status, and asking for habeas relief.
 
 
 5
 On May 20, 1986, the district court granted the government's motion for summary judgment. The court agreed with the government that petitioner improperly sought review of the outstanding deportation order through a habeas petition rather than through an appeal to the circuit court of appeals. The trial court noted that the petitioner was not challenging any aspect of his status aside from the validity of the deportation order. The court further emphasized that a habeas action was unnecessary in this case to invoke a stay of the imminent deportation, as the INS stipulated to a stay prior to the habeas petition. The district court concluded that jurisdiction to consider the challenges to the deportation order vested solely with the circuit court of appeals.
 
 
 6
 Upon review of Judge Hillman's well-reasoned opinion, we conclude that he properly analyzed the issue and reached a correct result. Accordingly, we affirm on the basis of the district court opinion.[1]
 
 
 7
 GEORGE CLIFTON EDWARDS, dissenting.
 
 
 8
 What is sought here is the issuance of a writ of habeas corpus. What is unique about this case is that it does not closely resemble any other such petitions. Deeply involved in this case is the question of who cares for two small children who, having been born in the United States, are clearly entitled to American citizenship.
 
 
 9
 I would accept as an accurate statement of the background of this case the following paragraphs in the majority opinion:
 
 
 10
 Petitioner is a native and citizen of Pakistan. He entered the United States in 1965 on a student visa, and in 1973 married an American citizen. Through his marriage, petitioner qualified for permanent resident status. In 1977, petitioner's wife sued for and obtained a divorce. On August 29, 1979, after a 1975-1976 INS investigation into the bona fides of the marriage, a show cause order issued which alleged that petitioner procured his status adjustment through a 'sham' marriage, a deportable offense under sections 241(a)(1) and 212(a)(19) of the Immigration and Naturalization Act, 8 U.S.C. Secs. 1251(a)(1) and 1182(a)(19) (procurement of documentation or entry by fraud or by willful misrepresentation of a material fact). After a hearing, the immigration judge found, on October 18, 1982, that the ex-wife's testimony to the effect that the marriage was a 'sham' was credible and that petitioner was deportable as charged. The immigration judge denied discretionary relief from deportation, but granted 60 days voluntary departure.
 
 
 11
 On September 21, 1983, the Board of Immigration Appeals (BIA) affirmed the immigration judge's decision and dismissed petitioner's appeal. The BIA discussed in detail the evidence presented in adopting the immigration judge's credibility determinations. Petitioner was granted 30 days voluntary departure. He did not leave the United States, however, and did not appeal the final order of deportation to this court within six months, as required under 8 U.S.C. Sec. 1105(a)(1).
 
 
 12
 In 1984, petitioner was convicted of a state criminal charge and incarcerated in the Ingham County Jail in Michigan. As a result, petitioner again came to the attention of the INS, which agency issued a Hold Order to the County Sheriff in order to enforce the final and outstanding deportation order. On the same date, August 13, 1985, petitioner filed a complaint with the United States District Court seeking a temporary restraining order preventing his imminent deportation to Pakistan, requesting a declaratory judgment restoring permanent resident status, and asking for habeas relief.
 
 
 13
 On May 20, 1986, the district court granted the government's motion for summary judgment. The court agreed with the government that petitioner improperly sought review of the outstanding deportation order through a habeas petition rather than through an appeal to the circuit court of appeals. The trial court noted that the petitioner was not challenging any aspect of his status aside from the validity of the deportation order. The court further emphasized that a habeas action was unnecessary in this case to invoke a stay of the imminent deportation, as the INS stipulated to a stay prior to the habeas petition.
 
 
 14
 There appear, however, to be other highly relevant facts as recited in Usman's opening brief:
 
 
 15
 The appellant has filed a Motion to Reopen with the BIA offering to prove 'new facts' at a reopened hearing as per requirements of 8 C.F.R. Section 38(a) as regards his marriage to Carole Gilmore, a U.S. citizen, and births of his two children from Carole Gilmore. Also, appellant has requested for a 'reconsideration' from BIA because there have been new developments in law that have great and direct bearing on issues involved in his case.
 
 
 16
 Relevant also to his appeal is the fact that Usman entered the United States legally and that his total stay in the United States approximates two decades. I would particularly note that there is no dispute from the INS as to the facts that Usman is the father of two children through a relationship with an American citizen and that he has been supporting the children, and possibly the mother as well.
 
 
 17
 While Mr. Usman may indeed have transgressed immigration law so as to warrant his deportation, the fate of Carole Gilmore and his and her two children also hangs in the balance and deserves our consideration at least to the extent of remanding this case to the District Court for a factual hearing on the petition for writ of habeas corpus. After examining the conflicting case law, I agree with the view of the Fifth and Ninth Circuits that habeas review is appropriate under these circumstances. See United States ex rel. Marcello v. District Director, 634 F.2d 964 (5th Cir.), cert. denied, 452 U.S. 917 (1981); Williams v. INS, 795 F.2d 738, 742-45 (9th Cir. 1986). Given the constitutional and statutory mandate for habeas review, Usman should be given this opportunity to be heard.
 
 
 
 [1]
 Usman v. INS, No. G85-756 CA5, ---- F. Supp. ---- (W.D. Mich. May 20, 1986)